(No. 34969.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES DUANE ROGERS, Plaintiff in Error.

*Opinion filed March 20, 1959.*

JAMES DUANE ROGERS, *pro se,* and JAMES A. UHL, of Decatur, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and HILMER C. LANDHOLT, State's Attorney, of Decatur, (FRED G. LEACH, WILLIAM H. SOUTH, and EDWARD BOOTH, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

James Rogers and Thomas Biggers were jointly indicted for the crime of larceny and were tried by jury in the circuit court of Macon County. Biggers was found not guilty and Rogers was found guilty. Rogers has obtained a writ of error from this court to review the judgment of conviction. The brief filed by plaintiff in error, herein called defendant, contains ten separate assignments of error, many of which are repetitious and may be summarized as follows: that the evidence was insufficient to establish his guilt; that evidence was improperly admitted; that the court erred in giving and refusing certain instructions; and that there was a fatal variance between the indictment and the proof.

Two police officers testified that at about one o'clock in the morning of July 25, 1957, they were riding in a police car proceeding north on Van Dyke Street in the city of Decatur, when they noticed a pickup truck pull out of a parking lot on Van Dyke Street, turn north and then turn west on West Grand Street. The officers pursued the truck for several blocks and, when it stopped, they found defendant and Biggers therein. Defendant was driving the truck and it was established at the trial that it belonged to him. The officers found that the truck was loaded with 27 pieces of soil pipe and a box of oakum. Defendant and Biggers were taken into custody. Later that morning, at

about daybreak, the officers went back to the parking lot where they had first seen defendant's truck. This parking lot was used in connection with a park known as Garfield Park and was situated to the west of Van Dyke Street. Immediately to the east of the parking lot and between it and Van Dyke Street, there was a strip about 12 by 20 feet which was used as a storage area by the Burdick Plumbing and Heating Company. When the officers inspected the parking lot and the storage area, they found tire marks immediately west of the storage area. There were two stacks of soil pipe on the storage yard, stacked in layers with about ten pieces of pipe laid side by side running in one direction and ten pieces laid side by side on top of them running in the other direction. One of the stacks was composed of pipe four inches in diameter and five feet in length, and the officers noticed that on the exposed top layer of this stack there appeared alternately an accumulation of dust and then a bare spot, then dust and another bare spot all the way across the top of the stack, indicating that another layer of pipe had been stacked on top of the exposed layer and that it had been recently removed. Considerable packing paper was strewn around the area between the stack of tile and the tire marks. William Burdick, president of the Burdick company, testified that his firm used the storage area for the storage of soil pipe and that there were several sizes of pipe stored there, including a quantity of pipe four inches in diameter and five feet in length. All of the pipe was stamped with the brand name of the manufacturer. Burdick was unable to state how much soil pipe the company had on the lot at this particular time. He later went down to the police station and examined the soil pipe in defendant's truck. This pipe was four inches in diameter and in five-foot lengths and was stamped with the same brand name as the pipe which was stored in the yard. Although Burdick could not positively identify this pipe as property of the company,

he did testify that it was identical with that owned by the company, which had been stacked in the storage area.

Biggers testified in defense that about midnight on the night in question he was fishing out by a dam on a lake when defendant came out in his truck and picked him up. According to Biggers, the truck at that time was loaded with soil pipe. They went to a restaurant and had a sandwich and a cup of coffee and then defendant let him out at a store so he could buy some cigarettes. Defendant drove down the street and when Biggers came out of the store, he saw the truck parked in the parking area previously referred to. Biggers went over and got in the truck and they drove down Grand Avenue until they noticed that a police car was pursuing them.

Defendant testified that he had been drinking whiskey from about 4:30 in the afternoon until 11:30 at night and remembers at one tavern the bartender refused to serve him because be was intoxicated. During his travels from tavern to tavern, he lost track of his truck. He found it about midnight parked in this parking area and noticed that it was loaded with soil pipe. He said he had no idea how the pipe got into his truck. He started driving the truck around and decided he would go down to the lake and do a little fishing. It was then that he ran into Biggers. His testimony as to his drinking and intoxication was corroborated by two witnesses. In rebuttal, the State proved that defendant had been convicted of grand larceny and armed robbery in 1940.

Defendant argues here that the evidence was insufficient to establish the *corpus delicti* and claims that there is no evidence that any pipe was in fact stolen from the Burdick company. He bases this argument upon Burdick's testimony that he did not have an up-to-date inventory and was therefore unable to state how much pipe was on the lot at the time. We are of the opinion that the State's evidence was sufficient to establish the *corpus delicti.* The

physical evidence at the storage area justified an inference that a quantity of pipe had been recently removed from one of the stacks. The defendant was seen in the early hours of the morning driving away from a parking lot immediately adjacent to the storage area with his truck loaded with identical pipe. Burdick testified that only he and his employees were authorized to remove pipe from the storage area and that neither defendant nor Biggers had ever been employed by him. In a larceny case when proof of the *corpus delicti* is in dispute the issue raised thereby is for the jury to determine. (*People* v. *McElvain*, 341 Ill. 224.) From the facts in evidence the jury could reasonably draw an inference that the pipe was taken from the storage area.

Defendant also argues that the State's evidence was insufficient to show that the pipe found in defendant's truck was the property of the Burdick company. It is true that Burdick could not positively identify the pipe found in defendant's truck as that which had been taken from his storage area. Since there is nothing unique about soil pipe, all the witness could testify to was that it was exactly the same kind of pipe which was stored in the company's storage area. We have recognized that some property is of such a character that it cannot be positively identified, and in such a case we have held it sufficient where the owner testifies that articles found in the possession of the defendant are identical to those stolen, without positive testimony that they are in fact the property of the person from whom they were taken. (*People* v. *Rembowicz*, 335 Ill. 604; *People* v. *Penn*, 340 Ill. 535.) We believe that Burdick's testimony that the pipe in defendant's truck was identical with the pipe stored in the company's storage yard was sufficient to establish the ownership of the property. Another factor may be considered in passing upon defendant's contention that the evidence was insufficient to establish his guilt. Possession of stolen property, the proceeds

of a larceny, soon after the commission of the offense is evidence of guilt and is sufficient to warrant a conviction unless such possession is explained. (*People* v. *Bennett*, 3 Ill.2d 357.) The jury has a right to consider whether his explanation is at all probable, and it is incumbent upon him to tell a reasonable story or to be judged by its improbabilities. (*People* v. *Meyers*, 412 Ill. 136.) Defendant's story that he lost an empty truck during the course of a drinking spree and later found it loaded with soil pipe may well have seemed to the jury to be a completely unsatisfactory explanation of his possession of the pipe. Considering the entire record, we find sufficient evidence upon which the jury could have found that the defendant was proved guilty beyond a reasonable doubt.

In support of his contention that incompetent evidence was admitted, defendant argues that two photographs of the parking area were improperly admitted in evidence. One of the police officers testified that these photographs truly and correctly portrayed the scene on the date in question. It is well established that photographs so qualified are admissible in evidence. (*People* v. *Herbert*, 361 Ill. 64.) Defendant further argues that the police officer who identified the photographs also gave a verbal description of the scene and therefore contends that the photographs are not admissible. This argument is supported neither by reason nor authority.

Defendant complains about numerous instructions given by the court at the request of the State and complains of the court's refusal to give certain instructions tendered by him. However, in his written motion for a new trial, defendant complained only of two instructions on behalf of the State and the refusal to give two of defendant's instructions. Errors not specified in a written motion for a new trial cannot be argued on review. (*People* v. *Smith*, 11 Ill.2d 280.) One of the People's instructions complained of was a stock instruction that the jury had a right to

consider the evidence in the light of their own knowledge and observation in the affairs of life. This instruction has been approved by us. (*People* v. *LeMorte,* 289 Ill. 11.) The other People's instruction instructed the jury that voluntary drunkenness was no defense to the crime of larceny. Defendant argues that he never intended to use his drunkenness as a defense and therefore the State had no right to an instruction on the subject. We find that a considerable portion of defendant's testimony at the trial was taken up with evidence of his drinking and intoxication and two other witnesses who testified for him limited their testimony to that fact. With this evidence of intoxication in the record, the State was entitled to give an instruction on its theory of the case.

The defendant's refused instructions, which were specified in the motion for a new trial, set forth a form of verdict for petty larceny in the event that the jury found that the value was less than fifty dollars. The only evidence as to the value of the pipe was the testimony of Burdick that it had a fair cash market value of $1.25 a foot which was computed to be $165 for the 27 pieces. Where there is no conflict in the evidence as to the value and it is clearly in excess of $50, there is no error in refusing instructions on petty larceny.

Defendants finally contend that there was a fatal variance between the indictment and the proof. The indictment alleged that the property stolen was the property of *The* Burdick Plumbing & Heating Company, Inc., a corporation. Burdick testified that the name of his company was Burdick Plumbing and Heating Company, Incorporated. The slight variance between the name of the corporation as alleged in the indictment and the name testified to by Burdick is immaterial. The rule is that a variance as to names alleged in an indictment and proved by the evidence is not regarded as material unless it is made to appear that the jury was misled by it or that some substantial injury

was done to the accused thereby, such as that by reason thereof he was unable to intelligently make his defense or was exposed to the danger of a second trial on the same charge. (*People* v. *Weisman,* 296 Ill. 156.) Defendant also contends that since he and Biggers were jointly indicted, they must be either jointly convicted or jointly acquitted, and that since the jury found Biggers not guilty and found defendant guilty, there was variance between the indictment and the proof. There is no merit to this contention. The acquittal of one of two jointly indicted defendants is no reason why the other defendant cannot be convicted. *People* v. *Mirabella,* 294 Ill. 246.

We have carefully reviewed the entire record and considered all of the assignments of error and find no reversible error. The judgment of the circuit court of Macon County is, therefore, affirmed.

*Judgment affirmed.*