People of the State of Illinois, Plaintiff-Appellee, v. Robert Rice, Defendant-Appellant.

Gen. Nos. 49,964, 50,066.

First District, First Division.

April 21, 1969.

Rehearing denied April 28, 1969.

Ellis B. Rosenzweig, Wexler, Kane & Rosenzweig, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Theodore A. Shapero, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a jury trial, defendant was found guilty of the offenses of robbery and aggravated battery. On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt.

On March 15, 1963, at about 9:25 p. m., Nelson A. Friis was robbed while waiting for a train on the Illinois Central suburban platform at 63rd Street in Chicago. His throat was cut and he was knocked down. His assailant took his wallet which, according to Friis, contained $240 in twenty dollar bills.

Friis testified that he left work at approximately 6:10 p. m. and proceeded to a tavern on 63rd Street near Stony Island Avenue. He drank a few bottles of beer and told the bartender to give defendant, who was sitting alongside of Friis, a bottle of beer. While there Friis had a brief conversation with defendant. At about 7:45 p. m., Friis went to another tavern, the Smile Tap, where he had a bottle of beer. Friis then went to the Blackstone Inn, where he had more beer and talked to the bartender, his friend, Marvin Schroeder. While Friis was in the Blackstone Inn, defendant appeared, and Friis bought him another beer. At about 9:20, Friis left the Blackstone

Inn and walked to the Illinois Central station. As he stood on the station platform and about two feet from an electric light, he was grabbed from behind. He turned his head and saw that his assailant was the man who had been sitting next to him in the taverns, whom he identified as the defendant.

Marvin Schroeder, the bartender in the Blackstone Inn, testified that he was a friend of Friis and was on duty when Friis came into the bar. He also identified defendant as one who came into the bar while Friis was there. Schroeder saw that Friis had a lot of money, all in twenty dollar bills. Upon noticing that defendant followed Friis out of the tavern, Schroeder got his hat and coat and followed the defendant. Schroeder was about 150 feet behind defendant, who was about 100 feet behind Friis. When Schroeder reached the I. C. platform he saw defendant wrestling with Friis on the platform. Schroeder called to the defendant to leave Friis alone, but defendant paid no attention. Schroeder saw the defendant take something from Friis and put it in his pocket and then run down the platform. Schroeder followed the defendant down the steps and on to the street, where he hailed a police car and informed them that a man had been robbed on the platform and the assailant had gone down an alley. Schroeder got into the police car, and they drove down the alley to the next street, where defendant was seen hailing a cab. The police car pulled in front of the cab and placed defendant under arrest.

Schroeder returned to the I. C. station, where he found Friis was bleeding heavily from a neck wound. Friis was taken to the Jackson Park Hospital, where seven stitches were required to close the wound in his neck. Both Schroeder and Friis made in-court identification of defendant as the man who had assaulted and robbed Friis.

Defendant contends that he was not proved guilty beyond a reasonable doubt of either robbery or aggravated battery because the State failed to prove that he was

393

armed with a dangerous weapon, an essential element in both offenses as charged in the indictments.

Defendant states that when he was arrested, no weapon of any kind was found on him nor was any weapon ever found by the police. Defendant states that the only testimony indicating that he had a weapon was by the witness Marvin Schroeder, who testified that as defendant was running away from Friis on the platform, a young man shouted at him, "Look out. He has got a razor." Defendant asserts that the person who made this alleged statement was never produced, and that the statement was hearsay and should not be considered by this court on review. Defendant also states that "no medical testimony was offered by the State to indicate in what manner the cut on Mr. Friis' neck was made. It is very likely that it was a scratch from a ring or a scratch while falling against the platform or caused in some manner other than by use of a weapon."

Defendant further asserts that though the indictment charged defendant with taking $200, the evidence showed that defendant was arrested within minutes after the robbery with $80 in his pocket. Also, the wallet alleged to have been taken from the victim was never produced. Defendant argues that these factors raise a reasonable doubt as to defendant's guilt, and the jury verdicts finding defendant guilty in the manner and form as charged in the indictments are erroneous and should be reversed by this court.

The State argues that the gist of the offense of robbery is the taking of property by force or the threat of force, and the value of the property taken is of no importance. In People v. Carpenter, 315 Ill 87, 145 NE 664 (1924), it is said (p 89):

> "The gist of the offense of robbery is the force or intimidation and taking from the person of another, against his will, a thing belonging to him or in his custody. The property taken need not be accurately

described, and its value is immaterial so long as it is shown to have a value. Except in an indictment for larceny or where the degree of the offense depends upon value, money need not be described, and the term itself, without any description, imports value."

See, also, People v. Flaherty, 396 Ill 304, 311, 71 NE2d 779 (1947) ; People v. Smith, 63 Ill App2d 369, 382, 211 NE2d 456 (1965).

 We are convinced that the essential elements of both offenses, including that the defendant was armed with a dangerous weapon, were proved beyond a reasonable doubt. The victim of both offenses and Schroeder, an eyewitness, identified the defendant as the person with whom the victim had been drinking beer and as the victim's assailant on the railroad platform. The statement made by the bystander and addressed to Schroeder was in the presence of the defendant. It was admissible as part of a direct narrative of the circumstances surrounding the occurrence and within the guidelines of People v. Allen, 17 Ill2d 55, 63, 160 NE2d 818 (1959) :

> "The test of admissibility of evidence is whether it fairly tends to prove the particular offense charged and any circumstances may be put in evidence which tend to make the proposition at issue either more or less probable."

Also, the victim testified that his throat was cut during the assault on him by defendant. The existence of a weapon may be inferred from circumstantial evidence. People v. Harrison, 359 Ill 295, 299, 194 NE 518 (1935).

For the reasons given, we find there exists no reasonable doubt of defendant's guilt, and the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J. and BURMAN, J., concur.