People of the State of Illinois, Plaintiff-Appellee, v. Garry Lynn Bodine, Defendant-Appellant.

Gen. No. 11,087.

Fourth District.

October 28, 1969.

Asher O. Geisler, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur, for appellee.

CRAVEN, J., delivered the opinion of the court.

The defendant and one Richard Tucker were indicted for aggravated battery. Specifically, the indictment charged that "they knowingly and without legal justification caused great bodily harm to one Dane Martin by striking and kicking him about the face, head and body, with their fists and feet." As to Tucker, this indictment was dismissed prior to the trial of the defendant Bodine. Tucker pleaded guilty to a charge of battery and was fined.

A jury trial of the defendant under this indictment resulted in a verdict of guilty and the defendant was ultimately sentenced to the Illinois State Penitentiary for a term of not less than two nor more than five years. He appeals.

The defendant asserts that the language of the indictment is such as to constitute a joint indictment charging joint action by two persons in the commission of an

offense and that since the evidence at the trial showed that, in fact, there were two separate and distinct offenses by two defendants the court should have directed a verdict for the defendant Bodine; further that the dismissal of the indictment as to one defendant required a dismissal of the indictment as to the other.

A brief statement of the evidence is necessary in connection with this contention. Bodine and Tucker were in a tavern in Macon County and there they met Dane Martin and others and engaged in drinking and playing pool. Difficulties in the tavern ultimately resulted in a fight between Tucker and Martin and at the conclusion of that fight, a fight between Bodine and Martin, during the course of which Martin was severely injured.

 As we view the indictment, it charges both the defendant and Tucker with the offense of aggravated battery. It does not follow that the dismissal of the charge as against Tucker necessitates the dismissal of the charge as against Bodine. In People v. Tanthorey, 404 Ill 520, 526–527, 89 NE2d 403, 407 (1950), the Supreme Court stated:

". . . Indictments, though joint in form, are regarded as a several charge against each defendant, save in those cases where the agency of two or more is of the essence of the offense, and all or a part may be convicted or acquitted. Where a joint offense is not established, the prosecution may be compelled to elect as to which defendant it will proceed against. The election may be by nolle prosequi or voluntary dismissal as to all but one defendant. The indictment will stand as if it had been a separate one. (31 CJ, Indictments and Informations, sec 319D, p 757 [42 CJS, Indictments and Informations, sec 160].) Two or more defendants may be charged in the same indictment where they commit the same offense as principals or where they act as principal and accessory. (People v. Richie, 317 Ill 551 [148

207

NE 265 (1925)].) They may be joined in the same count. (People v. Sink, 374 Ill 480 [30 NE2d 40 (1940)]; Ill Rev Stats 1947, chap 38, par 582.) . . . ."

See also: People v. Rogers, 16 Ill2d 175, 157 NE2d 28 (1959); People v. Rohwedder, 78 Ill App2d 211, 223 NE2d 1 (5th Dist 1967).

■ Under this indictment both the defendant and Tucker were charged with the offense of aggravated battery. The dismissal as to Tucker prior to trial need have no effect on the charge as to Bodine when, as here, there is proof beyond a reasonable doubt of Bodine's guilt of the charge. See 42 CJS, Indictments and Informations, § 160.

In the early stages of this case the defendant Bodine moved for a severance. As a result of his motion, separate trials were ordered as to Tucker and Bodine. Thereafter the charge against Tucker was dismissed and he pleaded guilty to the battery offense, this without notice to Bodine. Bodine sought to subpoena Tucker as a witness at the trial. The record indicates that the sheriff was unable to serve the subpoena on Tucker, and Bodine sought a continuance until such time as Tucker could be subpoenaed. The motion for continuance was denied and the denial is asserted to have been an abuse of discretion. We do not agree.

It appears the defendant sought to call Tucker for the purpose of establishing that the charge against him had been dismissed and that Tucker had pleaded guilty to the offense of battery and had been fined. We find no assertion of any other purpose in calling Tucker as a witness. Indeed, for all that appears, that which was sought to be established through Tucker as a witness was ultimately established in the record by stipulation. The disposition of the charge against Tucker would not

have been relevant or material in the jury proceedings on the issue of the defendant's guilt.

■■■■ It is well established that the granting of a continuance during trial is a matter of discretion of the trial court, and while the denial of a continuance may work a manifest injustice and thereby be an abuse of discretion, we find no such showing in this record. The judgment of the Circuit Court of Macon County is affirmed.

Judgment affirmed.

TRAPP, P. J. and SMITH, J., concur.