THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDGAR JONES, Defendant-Appellant.

(No. 54294;

First District—March 2, 1971.

624

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McCORMICK delivered the opinion of the court:

Edgar Jones, defendant-appellant, and Melvin Barnes were jointly indicted for the crime of robbery. They waived jury trials, and on April 24, 1969, at a bench trial, co-defendant Barnes was found not guilty, while defendant-appellant Jones was found guilty and sentenced to five years probation, the first year to be served in the County Jail.

At the trial Glenda Wells, the complainant, testified as follows. On January 13, 1969, she attended a dance at the American Legion Hall on Wentworth Avenue in Chicago Heights. Some time between midnight and 2:00 A.M. she left the hall and went to sit in the back of a car to wait for her girl friend. As she sat there two men opened the door, pulled her from the car and into a gangway nearby. [She identified co-defendant Barnes as one of the men. The second man was Steve Hooks.] A third man, whom she identified as defendant Edgar Jones, grabbed her purse and took $14.00 from it while the other two men held her. After he divided the money Jones ran out, leaving the witness with the two men. Barnes then left, and Hooks began hitting and pushing the complainant, and tried to unbutton her coat. She managed to get away from him and ran to the street where she saw Barnes. When he asked her what was the matter she said, "You know what's the matter, you were with them." She then ran into the Legion Hall and told a policeman what had happened; Barnes followed her and denied any wrongdoing, but he was arrested. When taken into custody

he told the police that Edgar Jones was connected with the robbery. Jones was arrested some weeks later.

The complainant stated that she thought she had seen Barnes on the street on other occasions, but had not known who he was. She said she knew Jones because they had gone to high school together.

The defendant here argues that the evidence against him and the co-defendant was practically identical, and that consequently, it would not be proper for the trial court to find one guilty and the other not guilty. However, the question of which witness to believe was a proper one for the trial court to determine. It does not necessarily follow that because Barnes may have been telling the truth when he declared his innocence, he was precluded from testifying—whether falsely or not—as to Jones' participation in the robbery. We must also note that while Barnes stated at trial that both he and Jones were innocent, at the time of his arrest he stated that Jones was involved in the crime.

Defendant cites *People v. Griffin,* 88 Ill.App.2d 28; however, in that case the reviewing court said there was "no plausible reconstruction of the State's case" upon which the defendant could be found guilty while the other was found innocent. That is not true in the instant case.

■■ In *People v. Vaughn,* 108 Ill.App.2d 116, as in the case before us, *Griffin* was cited for the proposition that it is "improper to convict one defendant under an indictment and acquit another under the same indictment when both are identified by the same witness * * * ." However, in *Vaughn,* at page 123, the court makes it clear that in order to apply the rule in *Griffin,* evidence as to both defendants must be identical in all respects. The court said: "As we have pointed out, this *identity of total testimony* does not exist in the case before us. There are, of course, many cases in which conviction of one of two jointly indicted and jointly tried defendants has been upheld. *E.g., People v. Rogers,* 16 Ill.2d 175, 183, 157 N.E.2d 28." (Emphasis supplied.)

The rule is that where a verdict is reversed for inconsistency in such cases, the verdicts must have been based on precisely the same evidence, identical in all respects as to both defendants. (22 A.L.R. 3d 721.) In *People v. Newman,* 13 Cal. Rptr. 305, the sole question raised by the defendant was whether a conviction could stand when he was jointly charged, and upon identical evidence his co-defendant was found not guilty. In that case the reviewing court affirmed the conviction and cited with approval *People v. Edwards,* 81 Cal.App.2d 655, 661:

"When there is the slightest difference in the evidence as between two persons jointly tried the trier of facts may weigh the evidence and make allowance for such difference, and when that is done and

one is acquitted and the other convicted, the fact that the evidence involves the acquitted person to some extent will not require the exoneration of the other."

■■ Acquittal of one defendant cannot be grounds to relieve a co-defendant of responsibility. *People v. Rogers,* 16 Ill.2d 175, 183; *People v. Spears,* 106 Ill.App.2d 430, 434; *People v. Quinn,* 96 Ill.App.2d 382; *People v. Patterson,* 131 Ill.App.2d 342.

■■ In the instant case there was substantial evidence upon which the trial court could base its finding of guilty as to the defendant, Edgar Jones. The fact that the court found Melvin Barnes not guilty indicates that it carefully considered the evidence in determining whether or not the State had met its burden in regard to each defendant. The difference in the evidence as to Barnes was sufficient to provide a reasonable doubt of his guilt in the mind of the trial court, and presented a rational basis upon which to find him not guilty while finding defendant Jones guilty.

The trial court considered the fact that when Barnes was taken into custody he told a police detective that the defendant, Edgar Jones, was connected with the robbery. Jones now contends that the admission of that testimony violated his constitutional right to confront the witness against him. However, he made no objection at the time, and no request was made by him at any time to reexamine Barnes. In fact, through his attorney, he expressly waived any further questions.

■■ The case of *Bruton v. United States,* 391 U.S. 123, is not applicable inasmuch as it holds it is a fundamental denial of a defendant's Sixth Amendment right of cross-examination to permit a co-defendant's extra-judicial statement which inculpates the defendant, ·to be admitted into evidence when the co-defendant does not testify, and is therefore not available for cross-examination. In the case before us Barnes did testify and was cross-examined by the State. However, defendant Jones' counsel stated he did not wish to cross-examine Barnes. It cannot now be held that under those circumstances defendant Jones was denied his right of cross-examination.

In *Rios-Ramirez v. United States,* 403 F.2d 1016, the court stated at page 1017:

"We then held in Santoro [*Santoro v. United States,* 402 F.2d 920] that because the appellant's three co-defendants all took the stand, the appellant had an opportunity—unlike Bruton—to confront and cross-examine the witnesses against him, and thus appellant Santoro's rights were not denied him.
\*   \*   \*

As in Santoro, and contrary to the case in *Bruton,* defendant Manzano in the present case took the stand and testified regarding the

subject of her out-of-court statements  *  *  *  . Under these circumstances, we do not see how appellant can claim that his right of cross-examination, secured by the confrontation clause of the sixth amendment, has been violated."

■■ The same reasoning would apply in the case before us. The rule of law is that a co-defendant may inculpate a defendant at trial so long as the defendant has the opportunity to cross-examine. This is in compliance with *Bruton.*

We find that no error was committed by the trial court, and the judgment against Edgar Jones is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.