THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL MOORE (Impleaded), Defendant-Appellant.

(No. 57509;

First District (4th Division)—July 25, 1973.

*Rehearing denied September 11, 1973.*

James J. Doherty, Public Defender, of Chicago, (Saul H. Brauner, of counsel,) for appellant.

362

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Thomas M. Kennedy, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial, defendant was found guilty of two counts of armed robbery and two counts of aggravated battery. He was sentenced to a term of four to eight years on each count to run concurrently.

On appeal, the defendant alleges:

1. The court erred in finding the defendant guilty of armed robbery since the evidence was insufficient to sustain the conviction as charged in the indictment.
2. The defendant was not guilty of the aggravated battery of Jessica Chambers or the aggravated battery and armed robbery of Lois Peterson on the theory of accountability.
3. The court should reverse the conviction since the co-defendant was found not guilty on the same facts and in the same trial.

On January 25, 1971 at about 11:30 P.M., Jessica Chambers was in bed reading. She saw two men enter her room and each man raped her. They then walked her down the hall to Lois Peterson's room, and the defendant held something that glittered which she thought to be a gun. When they got to Lois Peterson's room, Arnold Johnson was beating Miss Peterson with a flashlight. The defendant returned to Jessica Chambers' room, came back and told the women not to call the police for five or ten minutes. Jessica Chambers later called the police and noticed that her diamonds, watch and television set were missing. She later identified her television in the police station and also made an in-court identification of defendant.

The arresting officers read the *Miranda* warnings to the defendant; he acknowledged his understanding of them, and then gave an oral statement to the police.

■■ The defendant first contends that there was not enough evidence to sustain a conviction for armed robbery because when he gave his oral statement to the police, he did not intelligently and knowingly waive counsel according to the *Miranda* ruling, and also because there is no testimony that he was in possession of a dangerous weapon. This contention is not valid. The *Miranda* objection falls because the record clearly indicates that he was read the *Miranda* warnings twice and each time he acknowledged that he understood his constitutional rights and then proceeded to make his statement. In *People v. Higgins* (1972), 50 Ill.2d 221, 226-227, 278 N.E.2d 68, Mr. Chief Justice Underwood said:

"Defendant also argues that his custodial statements should

have been suppressed in the absence of a waiver of his *Miranda* rights. While 'a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained' (*Miranda v. Arizona*, 384 U.S. 436, 475, 16 L.Ed.2d 694, 724, 86 S.Ct. 1602, 1628), '[a]n express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver.' (*Miranda v. Arizona*, 384 U.S. 436, 475, 16 L.Ed.2d 694, 724, 86 S.Ct. 1602, 1628.) Defendant here was advised of those rights by Detective Davis prior to any questioning, and was again warned when he agreed to make a statement. On the latter occasion he replied affirmatively when asked if he understood his rights, and then immediately related what had occurred. His written statement given to the assistant State's Attorney indicates a knowing and intelligent waiver, for he therein acknowledged his understanding after he was advised of each of his constitutional rights individually. He then agreed to make a statement and gave an account of his actions. An express, formalistic waiver is unnecessary for '[a]ny clear manifestation of a desire to waive is sufficient. The test is the showing of a knowing intent, not the utterance of a shibboleth. The criterion is not solely the language employed but a combination of that articulation and the surrounding facts and circumstances.' (*State v. Kremens*, 52 N.J. 303, 245 A.2d 313, 317.) As in the present case, '[o]nce the defendant has been informed of his rights and indicates that he understands those rights, it would seem that his choosing to speak and not requesting a lawyer is sufficient evidence that he knows of his rights and chooses not to exercise them.' *People v. Johnson*, 70 Cal.2d 541, 540 P. 2d 865, 876."

■■ As to whether there was testimony of a dangerous weapon, the record shows that the victim said she saw a shiny object in the defendant's hand, which she thought to be a gun, and which the defendant pushed in her side. She also said it could have been a knife. Either way, a dangerous weapon was involved and this may be inferred from circumstantial evidence. (*People v. Rice* (1969), 109 Ill.App.2d 391, 395, 248 N.E.2d 745.) The witness' testimony here stands uncontradicted and if positive and credible, it is sufficient to convict. (*People v. Murdock* (1972), 3 Ill.App.3d 741, 279 N.E.2d 159; *People v. Harrison* (1935), 359 Ill. 295, 299, 194 N.E. 518.) In a bench trial, it is the responsibility of the trial judge to determine the credibility of the witnesses and the weight to be given their testimony, and unless the evidence is so unsatis-

factory as to raise a reasonable doubt of the defendant's guilt, the finding of the trial judge will not be disturbed.

■■ The defendant's second contention is that he was not proven guilty of the aggravated battery of Jessica Chambers nor of the aggravated battery and armed robbery of Lois Peterson on the theory of accountability. The first point is not well taken. The uncontroverted testimony is that the defendant ripped off Jessica Chambers' pants, raped her and put something which she thought to be a gun in her side. This evidence is sufficient to sustain a conviction of aggravated battery.

The second point is also without merit. The defendant and his two companions entered the house with a common design to accomplish an unlawful purpose. In such a case, "* * * the act of one is the act of all and all are equally guilty of whatever crime is committed." *People v. Smith* (1972), 8 Ill.App.3d 270, 273, 290 N.E.2d 261; *People v. Nowak* (1970), 45 Ill.2d 158, 258 N.E.2d 313.

■■ The final contention is that because the co-defendant was found not guilty on the same facts and in the same trial, the defendant's conviction should be reversed. This is not the law. For such a situation to arise, the evidence as to the co-defendants must be identical in all respects. (*People v. Jones* (1971), 132 Ill.App.2d 623, 625, 270 N.E.2d 288; *People v. Fort* (1971), 133 Ill.App.2d 473, 273 N.E.2d 439.) The testimony by Jessica Chambers was not identical as to the co-defendants. After the defendant raped her, her glasses came off and the lights were turned off when the co-defendant attacked her. Also, the defendant made a voluntary and admissible statement to the police and the co-defendant did not.

For the above reasons, the verdict of the trial court is affirmed.

Affirmed.

BURMAN, P. J., and DIERINGER, J., concur.