THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE T. DIXON, Defendant-Appellant.

(No. 72-161; ▮▮▮▮▮▮▮

Third District—April 4, 1974.

William E. Eaken, of Kankakee, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant George Dixon appeals from a judgment of the Circuit Court of Kankakee County following a verdict of the jury in which he was found guilty of armed robbery.

On appeal in this court it is contended by defendant that the jury could not convict him, George Dixon, because, based on the same evidence, the jury had acquitted a co-defendant, Robert Williams. It is

also contended that the in-court identifications of George Dixon should have been suppressed because they resulted from improper photo displays.

It appears from the record that on March 20, 1970, three men held up a clothing store in Kankakee. One man pulled a shotgun from under his coat and announced the hold-up. All employees and customers were ordered into dressing rooms. The second robber had a pistol and took the manager of the store to the office and cleaned out the safe. The third robber was armed with a pistol and stood guard over the people who had been herded into the dressing rooms.

Following the robbery, three of the employees went down to the police station to look at mug shots. The police did not have any pictures of defendants in this case because they had not been arrested previously. The investigating officer who was assigned to the case stated that the employees had identified no pictures on the night of the armed robbery but only one of the employees agreed. The cashier, Kathleen Flowers, testified that on the night of the robbery she had identified a picture of Robert Lott as being one of the robbers. About 2 weeks later a second, more selective, photo display was shown to the manager and the other employees, including a fourth employee who had not been at the first photo display. The manager then identified pictures of George Dixon and Robert Williams, which the police had received in the mail that day. The pictures they received were employment photographs rather than police mug shots. Kathleen Flowers and Edna Legacy, employees, selected a picture of Robert Williams as that of the robber who, armed with a pistol, had stood guard over them in the dressing room. Edna Legacy selected a picture of Robert Lee Lott, as the robber who had cleaned out the safe, while Kathleen Flowers then picked out defendant Dixon, as opposed to her earlier selection of Robert Lee Lott. Another employee, John Krisko, identified the employment pictures of Robert Williams and George Dixon as being two of the robbers. A few days afterwards, Robert Williams and George Dixon were arrested and charged with the armed robbery. There was no physical lineup or show-up until the trial.

On November 25, 1970, more than 5 months after the indictment, and while defendant Dixon was represented by counsel, the manager of the store was shown another photo display which included mug shots and two employment photographs of Dixon and Williams. On that same day Edna Legacy was shown the photo display which she had previously seen, plus more mug shots and the original employment shots of Dixon and Williams. This time she picked out a picture of George Williams instead of Robert Lott.

Defendant, together with his co-defendant Williams, represented by the same counsel, among other motions, made a motion before trial to suppress the identification testimony based upon the exhibition of photographs referred to. It was labeled "Additional Motion to Suppress In-Court Identification." A hearing was had on the motion, at which defendant and the co-defendant were permitted to remain outside the courtroom outside the view of the identifying witnesses at their request. After the court had taken the motion under advisement, the trial court denied the motion and in a written memorandum extensively covered the evidence heard and made specific findings. No objections to the admissibility of the testimony of identifying witnesses was made at the trial, insofar as the abstract of record discloses. At the trial, the defendants were identified by the store manager and three other employees. Three employees also testified that they had seen Robert Williams and George Dixon together in the store about 30 minutes before the robbery. George Dixon called four witnesses who testified that Dixon had in fact been in the clothing store with his girl friend. These witnesses testified that Dixon had left the store before the armed robbery occurred. Williams was not identified by the store's manager, the principal prosecution witness, although Dixon was positively identified by the manager as one of the robbers.

■■ As indicated, defendant contends that the evidence introduced as against defendant and his co-defendant, Williams, was identical. The record indicates that this was not so. The contention of defendant would be sound if the evidence as against both defendants was identical in all respects. (*People v. Moore*, 14 Ill.App.3d 361, 364; *People v. Hill*, 14 Ill. App.3d 368, 373.) It is noted that the manager who was the prime victim of the robbery positively identified defendant in open court. He did not, however, identify the co-defendant Williams. Defendant was also identified by another witness, Jack Chaplinski, an acquaintance and former employee at a local plant, as being present at the scene of the crime. No such identification was made of defendant Williams. Defendant's alibi testimony was also contradicted by his statement in writing made to the police at the time of his arrest, notably, his contention that he had not been in the store on the day of the crime. It is also apparent that, in several important respects, the evidence as to defendant and his co-defendant Williams was not similar, and certainly was not identical. A jury could reasonably find from the evidence that defendant was guilty, while acquitting his co-defendant Williams, who was not identified by the witness who would be principally able to identify the perpetrators of the crime.

■■ In attempting to sustain the motion to suppress identication of

defendant, it is clear that defendant has the burden of establishing the elements necessary to a determination that the pre-trial identification procedure was unfair. (*People v. Brown*, 52 Ill.2d 94, 100; *People v. Bradley*, 12 Ill.App.3d 783, 788.) He must establish that the pre-trial identification procedures were so suggestive as to give rise to the very substantial likelihood of irreparable misidentification, and also that those procedures must be shown to have been "unnecessary" under the totality of the circumstances. (*People v. Tuttle*, 3 Ill.App.3d 326, 330.) If, however, the in-court identification is shown to have had an independent origin arising from other uninfluenced observations of defendant, a motion to suppress identification testimony should be denied. *People v. Tuttle*, 3 Ill.App.3d 326, 330.

Without repeating in detail what the trial court had noted, we agree with the trial court's conclusion that there was no suggestiveness of the character which would require suppression of the in-court identification. It is clear, also, that the witnesses had ample opportunity for independent observation of the defendant Dixon, under good lighting conditions, and in close proximity to defendant for a period of time from 5 to 7 minutes. The viewing of photographs on the last occasion was in the nature of surplusage and ostensibly conducted for the purpose of trying to identify the third robber who apparently has never been identified or apprehended. As we have noted, since the police had no mug shots of defendants, the police brought in other pictures as soon as the pictures were available for viewing by the witnesses. Confusion of some witnesses in identifying photographs of persons with similar physical characteristics was not of such character as to justify the conclusion that witnesses were unfairly influenced by the photographs. The identification by the principal witness and the others, by direct view of defendant in court, clearly had an independent origin and was not dependent on the viewing of the photos.

■■ The finding of a trial court that a pre-trial motion of the type before us should be denied will not be disturbed on review unless it is against the manifest weight of the evidence. It is apparent from the evidence in the record that the use of the photographs obtained by the police was necessary under the totality of the circumstances, since witness Chaplinski had noted his positive identification of defendant from previous acquaintance and co-employment with George Dixon. He stated he saw Dixon in the store near the time of the robbery. Dixon had at first denied he was there that day, but thereafter admitted he had been there and contended he left before the robbery. Since the police had no mug shots of defendant, the investigators were able to obtain small employment photographs from U.S. Steel, and the investi-

gator then photographed them to the same size format as mugshots of persons approximating the age, height, and with other characteristics of George Dixon. The trial court specifically made the finding that, if suggestiveness was present, it was not substantial. We find no basis for reversing such conclusion. The witnesses at the hearing all testified that their selection of defendant's photo was not influenced by any difference between photographs which they were able to perceive. In any event, on the record, the in-court identification of defendant Dixon, had an independent origin arising from other uninfluenced observations of defendant.

It is seriously contended by defendant, that since he had counsel acting for him at the time of the last examination of photos which came after defendant's indictment, he should have been entitled to have his counsel present at the so-called photo exhibition. While defendant recognizes that this is not the rule in Illinois, he suggests that it is time for the court to change such rule and to permit counsel for an indicted defendant to be present at all such photo exhibitions. We do not believe there is any precedent which would justify this court in inaugurating or directing a change in the rule relating to photographic exhibitions to potential witnesses, and we, therefore, will not undertake to initiate a modification of such rule.

Since we find no reversible error in the record, the judgment of the Circuit Court of Kankakee County will, therefore, be affirmed.

Affirmed.

SCOTT, P. J., and DIXON, J., concur.