THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL BURK-HARDT, Defendant-Appellant.

(No. 55063;

First District (2nd Division)—May 1, 1973.

Brown, Rosenthal & Wilson, of Chicago, (Ben J. Rosenthal and Woodrow P. Wilson, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

The issues in this appeal arise from a prosecution that followed the theatre showing of a motion picture, "The Curse of Her Flesh." Defendant Paul Burkhardt, the theatre manager, was arrested and charged with obscenity.[1] He waived trial by jury, was found guilty and sentenced to pay a fine of $1,000.[2]

---

[1] A two-count complaint, alleged that on October 14, 1968 defendant "* * * provided and exhibited an obscene motion picture, to wit: 'The Curse of Her Flesh' * * * with knowledge of the nature or content thereof. * * * [P]rovided and exhibited an obscene motion picture, to wit: 'The Curse of Her Flesh,' [and] recklessly failed to exercise reasonable inspection which would have disclosed the nature or content thereof in violation of Chapter 38, Section 11—20 Illinois Revised Statute * * *."

[2] "A person commits obscenity when, with knowledge of the nature or content thereof, or recklessly failing to exercise reasonable inspection which would have disclosed the nature or content thereof, he:
(1) Sells, delivers or provides, or offers or agrees to sell, deliver or provide any obscene writing, picture, record or other representation or embodiment of the obscene; or
       * * *
(3) Publishes, exhibits or otherwise makes available anything obscene; or
       * * *
(d) Penalty.
A person convicted of obscenity shall for the first offense be fined not to exceed $1,000.00 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both * * *."
Ill. Rev. Stat. 1969, ch. 38, par. 11—20(a)(1), (3); (d)

The State's evidence consisted of the motion picture, the testimony of a police officer who identified defendant as the theatre manager and a stipulation. The parties agreed that if three vice control policemen of the City of Chicago were called, they would testify that they saw "The Curse of Her Flesh"; that it portrayed matters which appealed to the prurient interest of the average adult; that it had no redeeming social value and that it went beyond contemporary community standards in the portrayal of sexual matters. This was the State's case.

Defendant then moved for a directed finding of not guilty. In the argument that followed, the assistant state's attorney told the court that the "* * * contemporary community standards in Cook County, Illinois are the standards, which must guide us and must guide this Court." Defendant's counsel then asked if the court was applying "local contemporary community standards." The trial judge replied, "That is right." Thereafter, defendant's motion was denied. He then put on his defense.

Defendant offered to show that "The Curse of Her Flesh" was part of a trilogy that began with "The Touch of Her Flesh," a picture that was shown in the City of Chicago with the approval of censorship authorities. The State objected but the trial judge agreed to view "The Touch of Her Flesh." Next, defendant offered to show that the picture in this case, "The Curse of Her Flesh," had been exhibited in 16 states prior to its Chicago showing, all without incident or complaint that it was obscene. The State objected and the court ruled that evidence of these facts was not relevant. Defendant, however, was allowed to make an offer of proof.

Then, defendant put on evidence that consisted of his testimony and that of a woman patron of his theatre. The woman, a saleslady in a store on North Michigan Avenue in Chicago, testified that in the company of two male friends she saw the motion picture in question but it impressed her as "* * * just a poorly made movie, rather amateurish. I have seen worse. There is certainly much worse on the board right now." The woman said that the picture did not appeal to her prurient interest nor arouse her sexual desires. Following the woman, defendant testified that although he managed the theatre, he did not book "The Curse of Her Flesh," nor did he see it.

With this testimony, both sides rested. Defendant's counsel then argued that even if the trial court was being guided by local contemporary standards, the State had not introduced any evidence as to what those standards were. Counsel argued that "The Curse of Her Flesh" had been shown in 16 states without any suggestion that it was obscene. Therefore, it was proper for defendant to have relied on this fact in

determining whether he could, without violating the criminal obscenity statute, exhibit the motion picture. After hearing the assistant state's attorney in reply, the trial judge reviewed the details of the motion picture, summarized the evidence and found that defendant knew the nature of the picture. The trial judge concluded that "[t]he dominant theme [of the picture] is designed, in this court's opinion, to appeal to the prurient interests of the standards of this community, the standards contemporary of this community"; that the motion picture was not hardcore pornography but "* * * a conglomeration of sexual activities that do not meet, in my judgment, the contemporary standards of this community, and would appeal and does appeal to the prurient or lustful interests of the average person * * *." The trial court ruled that the picture was obscene and found defendant guilty.

A short time later, defendant filed a motion for a new trial. In its support, his lawyer reiterated the argument that had been made in support of the motions for acquittal. The motion was denied and the fine was imposed. In this appeal, defendant presents three issues. I. Whether Ill. Rev. Stat. 1969, ch. 38, par. 11—20, the Illinois criminal obscenity statute, is constitutional under the first and fourteenth amendments to the United States Constitution. II. Whether the evidence proved that "The Curse of Her Flesh" was obscene within the meaning of the Illinois criminal obscenity statute. III. Whether the evidence proved defendant guilty beyond a reasonable doubt.

I.

■■ On the first issue, defendant contends that Illinois' criminal obscenity statute (Ill. Rev. Stat. 1969, ch. 38, par. 11—20), is constitutional because its definition of obscenity is too vague and indefinite to meet the due process requirements of the federal constitution. We are constrained to hold otherwise. This contention was rejected in *People v. Sikora*, 32 Ill.2d 260, 204 N.E.2d 768. In decisions following *Sikora*, our Supreme Court has construed this state's obscenity statute as containing the requirements of constitutionality declared in *A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General* (1966), 383 U.S. 413, 16 L.Ed.2d 1, 86 S.Ct. 975. A discussion of these requirements can be found in *City of Blue Island v. DeVilbiss*, 41 Ill.2d 135, 242 N.E.2d 761 and *City of Chicago v. Geraci*, 46 Ill.2d 576, 264 N.E.2d 153. We conclude that Ill. Rev. Stat. 1969, ch. 38, par. 11—20 is constitutional. *Movies, Inc. v. Conlisk* (D.C. Ill. 1971), 345 F. Supp. 780.

II

On the second issue, defendant contends that within the meaning of the obscenity statute, the evidence did not prove that "The Curse of Her

Flesh" was obscene. This issue is resolved by application of statutory and constitutional principles that govern the law of obscenity.

■■■ Motion pictures, like the one in this case, are a form of expression whose liberty is safeguarded by the first amendment to the United States Constitution. (*Joseph Burstyn, Inc. v. Wilson* (1952), 343 U.S. 495, 96 L.Ed. 1098, 72 S.Ct. 777; see Comment, *Obscenity in the Movies*, 18 Loyola L. Rev. 354 (1971-72).) And in a case of this nature, we must independently determine whether the picture in issue is obscene or one that is entitled to constitutional protection. (*City of Chicago v. Universal Publishing & Distributing Corp.*, 34 Ill.2d 250, 252, 215 N.E.2d 251.) We do this by a careful evaluation of the evidence and the findings of the trial court. If necessary, a reviewing court will view the motion picture.

■■■ In a prosecution for obscenity, the state must establish that "(a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value." (*Memoirs*, 383 U.S. 413, 418; *State v. Lavin* (1973), (Iowa), 204 N.W.2d 844.) Within this tripartite test, it is the rule in this state that if the material in question is admitted for viewing by the court or jury and defendant offers no evidence relating to contemporary community standards, "* * * the triers of fact 'are the exclusive judges of what the common conscience of the community is'." *Roth v. United States* (1957), 354 U.S. 476, 490, 1 L.Ed.2d 1498, 77 S.Ct. 1304; *City of Chicago v. Kimmel*, 31 Ill.2d 202, 206, 201 N.E.2d 386.

■■ In this case, however, the trial judge looked to the "contemporary community standards in Cook County, Illinois." It appears, however, that subsection (c) (4) of our statute (Ill. Rev. Stat. 1969, ch. 38, sec. 11—20), refers to what evidence is admissible and speaks of the "degree, if any, of public acceptance of the material *in this State* * * *."  (Emphasis added.) At the very least, then, the statute contemplates a statewide standard, not a standard that varies from county to county. Therefore, the trial court's application of the contemporary community standards in Cook County, Illinois was reversible error. This was the holding of our Supreme Court in *People v. Butler*, 49 Ill.2d 435, 275 N.E.2d 400.

■■■ In addition, the trial court found that although "The Curse of Her Flesh" was not hard-core pornography, it was nevertheless obscene. It is settled that under the first and fourteenth amendments to the federal constitution, criminal laws that proscribe obscenity are constitutionally limited to the principles set forth in *Roth, Jacobellis, Manual Enterprises,*

*Inc. v. Day,* 370 U.S. 478, 8 L.Ed.2d 639, 82 S.Ct. 1432 and summarized in *Memoirs,* 383 U.S. at 418. Of course, the State has the power to proscribe obscenity; but such proscription must be cautiously applied because "[t]he danger of a violation of cherished First Amendment rights necessitates [a] narrow construction   *   *   *." (*People v. Richmond County News, Inc.,* 9 N.Y.2d 578, 175 N.E.2d 681, 682.) A narrow construction, one consistent with *Roth* and its progeny, is constitutionally limited to hard-core pornography. (*Jacobellis v. Ohio,* 378 U.S. at 197, (Stewart, J., concurring); *People v. Richmond County News, Inc., supra; Zeitlin v. Arnebergh,* 59 Cal.2d 901, 383 P.2d 152; and see Annot., 5 A.L.R.3d 1158.) Consistent with this constitutional limitation, material is obscene, within the meaning of the Illinois criminal obscenity statute, if it is "patently offensive." (*City of Chicago v. Universal Publishing & Distributing Corp.,* 34 Ill.2d 250, 254, 215 N.E.2d 251.) Therefore, the trial court's conclusion that "The Curse of Her Flesh" was obscene is refuted by the finding that the film was not hard-core pornography.

■■   Moreover, we have concluded that neither the evidence nor the other findings disclose that this motion picture contains patently offensive material. (Compare *People v. Ridens,* 51 Ill.2d 410, 282 N.E.2d 691; *People v. Price,* 8 Ill.App.3d 158, 289 N.E.2d 280.) For these reasons it is our judgment that "The Curse of Her Flesh" was not proved obscene within either the meaning of the Illinois criminal obscenity statute or applicable United States Supreme Court decisions.

### III.

This being so, it follows that the evidence did not prove beyond a reasonable doubt that defendant was guilty of criminal obscenity. "The Curse of Her Flesh" was not obscene within the meaning of the Illinois criminal obscenity statute. Therefore, neither knowingly nor recklessly could defendant have exhibited an obscene motion picture as charged in the two-count complaint. Accordingly, the judgment is reversed.

Judgment reversed.

DRUCKER, P. J., and SCHWARTZ, J., concur.