THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL O'NEIL *et al.,* Defendants-Appellants.

(Nos. 59453, 59619 cons.;

First District (1st Division)—December 16, 1974.

Howard T. Savage, of Chicago (Howard O. Edmonds, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John F. Brennan, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Seven defendants were separately charged with sale of allegedly obscene magazines. (Ill. Rev. Stat. 1969, ch. 38, par. 11—20.) After hearing of evidence by the court without a jury, all were convicted. Fines and costs were assessed against them severally in amounts ranging from $300 to $1000. All defendants have appealed and the causes have been consolidated.

In this court, the defendants contend that the pertinent Illinois obscenity statute is constitutionally invalid because it did not comply with the requirements of *Miller v. California* decided by the United States Supreme Court on June 21, 1973; the applicable statute deprives defendants of their rights to due process of law under the fourteenth amendment of the United States constitution because it did not give them fair notice of what was obscene; it was void for vagueness and lacked a provision for a prior civil adversary hearing for determination of the issue of obscenity.

■■ Any discussion of the inextricable mass of entanglements constituting the law of obscenity is perhaps best commenced with the statement that the United States Supreme Court has categorically settled the proposition "that obscene material is unprotected by the First Amendment." (*Miller v. California*, 413 U.S. 15, 23, 37 L.Ed.2d 419, 93 S.Ct. 2607.) The difficulty appears with every attempt to set standards for the use of triers of fact in determining whether or not any given piece of material is "obscene." A majority of the members of the United States Supreme Court have been unable to agree upon a standard of this type. (See 413 U.S. 15, 22.) Therefore, it was inevitable that the matter of formulation of this elusive standard should be left by the Court to be fixed by the individual states. In *Miller*, the Court stated that the entire country was too large and diverse to admit the creation of a single all-inclusive definition of obscenity. (413 U.S. 15, 30.) This, then, was the holding of *Miller* upon which defendants now seek to rely.

The essence of the first point raised by astute counsel for defendants starts from the premise that *Miller* requires use of the words "patently offensive" in all cases without exception in order to accomplish State regulation within Federal constitutional requirements. We cannot agree

that this is the teaching of *Miller*. On the contrary, we gather from study of this opinion, that the Supreme Court expressly refrained from creating regulatory schemes and concrete rules which the several States were obliged to follow. Although the court used the phrase "patently offensive" in giving "a few plain examples" of what the State could use in creating a regulatory scheme, it did not mandate the use of these words, or any other specific language, in the statutes. (See 413 U.S. 15, 25.) In an illuminating footnote, the Court expressly stated that it was not requiring the enactment of new obscenity statutes by every state but that existing State statutes "as construed heretofore or hereafter, may well be adequate." (See note 6, 413 U.S. 15, 24.) Further, the very abandonment of the quest for national standards of obscenity by *Miller* shows in itself that it does not require use of the specific phrase "patently offensive" or any other particularized language as a Federal requirement of the constitutional validity of State statutes.

Added light is thrown upon this situation by the post-*Miller* decision in *Hamling v. United States*, 418 U.S. 87, 41 L.Ed.2d 590, 94 S.Ct. 2887. The Court clarified this issue by use of the following language:

"We made clear in *Miller*, 413 U.S., at 24, n. 6, that our decision was not intended to hold all state statutes inadequate, and we clearly recognized that existing statutes 'as construed heretofore or hereafter, may well be adequate.' That recognition is emphasized in our opinion in *United States v. 12 200-ft. Reels of Film*, 413 U.S. 123 (1973)." 418 U.S. 87, 41 L.Ed.2d 590, 618, 94 S.Ct. 2887, 2905.

■■ We construe this language, and the *Hamling* decision, as leading directly to the conclusion that where existing state statutes or city ordinances are construed authoritatively by the proper court in the area or community to proscribe only materials which may be classified as obscene under clear and proper community standards, such statutes or ordinances are constitutionally valid.

Examination of the pertinent Illinois statute (Ill. Rev. Stat. 1969, ch. 38, par. 11—20) with these principles in mind leads us to reject the first argument raised by defendants. We find no magic in the phrase "patently offensive" so that the absence of these particular words from the legislative enactment raises no legal problem. The remaining issue requires an examination of the authoritative decisions of reviewing courts of Illinois to determine whether the statute is subject to the alleged constitutional infirmities raised by defendants.

■■ The second and third points raised by defendants may be considered together. They involve fourteenth-amendment rights as to whether the statute on its face gives fair notice of what was obscene and whether

it is too vague in its definition of obscenity. These issues have been determined adversely to defendants. The statute was given consideration by the court in *People v. Burkhardt*, 11 Ill.App.3d 760, 297 N.E.2d 694. This court there held that the definition of obscenity in the Illinois statute was not too vague and indefinite but that it met the due process requirements of the Federal constitution. The court cited a number of cases in support of this holding, including *People v. Sikora*, 32 Ill.2d 260, 204 N.E.2d 768. Since the statute was thus held sufficiently clear and definite to comply with constitutional requirements, it follows necessarily that it gave these defendants fair notice of what was obscene. The statute is, therefore, not subject to the claimed constitutional infirmities.

In addition to these authorities, the above contentions raised by defendants have been considered and rejected by the Supreme Court of Illinois in its recent decision of *People v. Ridens*, 59 Ill.2d 362. There, the supreme court considered the obscenity statute of the State of Illinois above cited and also the obscenity ordinance of the city of Moline. These cases were previously decided in the earlier opinion of *People v. Ridens*, 51 Ill.2d 410, 282 N.E.2d 691. This earlier opinion was vacated by the Supreme Court of the United States for further consideration in the light of the *Miller* decision. After an exhaustive review of the applicable authorities, and an analysis of the pertinent statute and ordinance, the Supreme Court of Illinois held that neither enactment lacked clarity or precision and that both withstood attack on the grounds of vagueness and overbreadth. The court, therefore, held that both statute and ordinance were constitutional.

■■■ The final point raised by defendants is the need for a prior civil adversary hearing and determination of the question of obscenity. The authorities cited do not assist defendants. Their brief depends upon a portion of the dissenting opinion by Mr. Justice Douglas in *Miller* and the decision in *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 37 L.Ed.2d 446, 93 S.Ct. 2628. We cannot regard these decisions as authoritative. The dissent of Mr. Justice Douglas merely expresses his own personal views which were not accepted by a majority of the Supreme Court. The decision in *Paris Adult Theatre I* does not require provision for a prior civil adversary hearing as a prerequisite to constitutional validity.

Defendants also cite *Cambist Films, Inc. v. Illinois* (N.D. Ill. 1968), 292 F. Supp. 185. That decision deals with the need of a prior adversary judicial determination in dealing with the issue of possible obscenity of a motion picture film. The United States Supreme Court has pointed out that there is a marked distinction between the seizure of a single copy of a publication and that of a film. (*Roaden v. Commonwealth of Kentucky*, 413 U.S. 496, 37 L.Ed.2d 757, 93 S.Ct. 2796.) Furthermore, in the

cases at bar, the magazines were purchased from the defendants by police officers so that the element of seizure is lacking. Finally, the United States Supreme Court has held that even in the event of a seizure of printed material, there is no right to a prior civil adversary hearing to determine obscenity. (*Heller v. New York*, 413 U.S. 483, 37 L.Ed.2d 745, 93 S.Ct. 2789.) These various considerations impel us to reject the final contention made by defendants.

Since no other issues has been raised or argued in any manner in this court, we need not discuss other points such as the nature of the materials here involved. Supreme Court Rule 341(e)(7), 50 Ill.2d R. 341(e)(7).

Judgments affirmed.

EGAN, P. J., and BURKE, J., concur.