THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM LERCH, Defendant-Appellant.

First District (5th Division)   No. 83—1827

Opinion filed June 28, 1985.

Harvey Grossman, of Roger Baldwin Foundation of ACLU, Inc., and Gerald Werksman, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Nicholas Geanopoulos, Assistant State's Attorney, of counsel), for the People.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant, William Lerch, and his wife, Mariann, were charged with creating pornography by photographing their six-year-old child in the nude with her pubic area exposed (Ill. Rev. Stat. 1981, ch. 38, par. 11—20a(b)(2)) and with knowingly permitting their child to be so photographed (Ill. Rev. Stat. 1981, ch. 38, par. 11—20a(b)(3)). In a bench trial, Mariann Lerch was found not guilty on both charges. Defendant was found guilty only on the charge of creating child pornography. He was sentenced to a one-year conditional discharge. Defendant appeals his conviction, contending that: (1) the evidence was insufficient to prove him guilty beyond a reasonable doubt; (2) the verdicts are inconsistent; (3) section 11—20a is overbroad in violation of the first and fourteenth amendments to the United States Constitution; and (4)

he was denied effective assistance of counsel. We affirm.

The only evidence introduced at trial was a stipulation of facts and the State's exhibit containing the alleged child pornography. The factual stipulation stated that the defendant photographed his wife and daughter in the nude with the child's genitals exposed. Defendant and his wife are the parents of the child in the photographs. The child, being under the age of 16, was knowingly permitted to appear in the photographs by her parents. The photographs were taken by the defendant in his living room and then taken to Osco drugstore for developing. On December 21, 1982, Riverside police received a call from Peter Bartholomew of Osco drugstore in North Riverside. He stated that certain film had been submitted for developing under the customer name of William Lerch on December 15. After the film was developed, it was discovered that several photos were of a young female child six years of age identified as defendant's daughter. On December 22, Bartholomew brought the film to the North Riverside police department. A total of 26 photos with negatives were turned over to the police.

For purposes of identification in this discussion, the photographs are numbered from 1 through 26. Because the negatives were not placed in evidence, our numbering of these photographs is not intended to suggest the order in which they were taken. Photographs Nos. 1 through 5 are of the defendant's wife sitting next to the fireplace wearing a low-cut black negligee with her legs exposed up to the hips. In some of the photographs, she is gazing provocatively at the camera. She is holding a cigarette and has a glass of wine and a cup and saucer on the floor next to her.

In photographs Nos. 6 through 13, the wife and child are posed nude on the living room floor. The sixth photograph depicts the wife in a prone position on top of the child with her face buried in the child's breast. The child's legs are spread apart enveloping her mother's body. Photograph No. 7 is much the same pose except that the wife's head is raised and she is looking down at the child. In the eighth photograph, the child is lying on her stomach and the wife is kneeling behind her. The wife appears to be looking at the child's pubic area with one hand touching the child's thigh. Photograph No. 9 shows the child standing with her buttocks to the camera. Her hands are in front of her and appear to be near the pubic area. The wife, partly in view, is kneeling in front of the child but here is no physical contact between them. The 10th picture depicts the child facing the camera kneeling in front of the wife. There is no physical contact and the wife is looking downward. In the 11th picture, the child is bent

over with her buttocks to the camera and her legs spread apart, providing a view of her genitals. The wife is in the background looking at the child. The 12th photograph shows the wife in a crouched position at the bottom of a stairway with only the top of the child's head visible. The last photograph of the wife and child together depicts both of them sitting on the living room floor. The wife is looking at the camera and the child is looking at the wife.

The last 13 photographs are of the child alone, in the nude, except for one blurred photograph in which no one is visible. In photographs Nos. 14 through 18, the child is pictured on the living room floor. She is posed in positions which clearly reveal and focus attention on her genital area. Photograph 14 depicts the child lying on her side with her head propped up by her right hand. The child's left leg is elevated to her shoulder and her legs are spread apart to their fullest extent, emphasizing the pubic area. The 15th picture shows the child sitting on the floor propped up by her elbows with her left leg bent and raised to the height of her head. The child's genitals are fully exposed, and she is gazing down at her pubic area.

The next photograph, No. 16, features the child with her legs spread wide in a v-shape. She is lying on the floor with her buttocks lifted off of the floor, affording a clear view of the genitals. In the 17th photograph, she is sitting on the floor leaning back on her elbows with her legs spread wide. Photograph 18 shows a similar pose, but one leg is raised in the air and she is looking down at her genitals. Again, the genital area is in full view. The 19th picture shows the child bent over with her head on the floor. The photograph affords a posterior view of her genitals. In picture No. 20, the child is lying back on her shoulders with her hands on her hips raising her buttocks and legs in the air. Her legs are spread apart, but the view of the child's genitals is unclear because the photo is blurred.

The remaining six photographs show the little girl either sitting naked in a chair next to a table or lying on the floor with only her head and part of her chest visible. One photograph is blurred, and no one appears to be in the photograph.

After reviewing the evidence, the court found defendant guilty of creating child pornography by photographing his six-year-old child in the nude with her pubic area exposed. Defendant was found not guilty on the charge of knowingly permitting the child to be so photographed. His wife was found not guilty on both charges. The court sentenced the defendant to a one-year conditional discharge. Defendant appeals.

Opinion

■ Defendant contends that he was denied the effective assistance of counsel. This claim is based in part upon his counsel's failure to file a motion for a new trial. A counsel's failure to assert the right of a defendant to a new trial, following a trial where plain and grievous error was committed, amounts to ineffective assistance of counsel. (*People v. Knowles* (1979), 76 Ill. App. 3d 1004, 1009, 395 N.E.2d 706.) Therefore, where a claim of ineffective assistance of counsel is based upon counsel's failure to file a post-trial motion, consideration of the trial errors alleged on appeal is compelled to determine whether any of the contentions are of substantial merit. 76 Ill. App. 3d 1004, 1009, 395 N.E.2d 706.

■ ■ The first issue defendant raises is whether he was proved guilty beyond a reasonable doubt. The statute under which defendant was convicted provides:

"Any person who photographs, films, videotapes, produces, publishes or otherwise creates child pornography, or knowingly causes another to do so, commits a Class I felony to which a fine of up to $50,000 may be added." (Ill. Rev. Stat. 1981, ch. 38, par. 11—20a(b)(2).)

Child pornography is defined as:

"Matter or a performance, whether live, cinematic or over broadcast media, of whatever nature, is 'child pornography' for purposes of this section if:

(A) it has as one of its participants or portrayed observers a child under the age of 16 or who appears as pre-pubescent; and

(B) it contains depiction or descriptions of sexual conduct which are patently offensive; and

(C) taken as a whole, the average person, applying contemporary standards of this State, would find it has as its dominant theme an appeal to prurient interest; and

(D) taken as a whole, it lacks serious literary, artistic, educational, political or scientific purpose or value." (Ill. Rev. Stat. 1981, ch. 38, pars. 11—20a(a)(1)(A) through (D).)

The statute defines the proscribed sexual conduct. (Ill. Rev. Stat. 1981, ch. 38, pars. 11—20a(a)(2)(A) through (F).) The two provisions relevant to this inquiry provide that sexual conduct includes any sexual intercourse, normal or perverted, actual or simulated or exhibition of the genitals or pubic area of any person. Ill. Rev. Stat. 1981, ch. 38, pars. 11—20a(a)(2)(A), (F).

In support of his argument that he was not proved guilty beyond a reasonable doubt, defendant contends that the photographs are not

obscene. He argues that mere nudity is not obscene and that the photographs do not depict any patently offensive sexual conduct or exhibition of the genitals. Relying on *Miller v. California* (1973), 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607, defendant maintains that the photographs do not portray the hard core sexual conduct required to be considered patently offensive. Further, he argues that the trial court failed to make a finding of whether the pictures are patently offensive. The State argues that defendant mischaracterizes the photographs as simply nude photographs of a child. The State maintains that the photographs are patently offensive because they depict both imminent sexual acts of lesbian incest between the mother and child and lewd exhibitions of the child's genitals.

Obscenity is not entitled to the protection afforded by the first and fourteenth amendments to the United States Constitution. (*Roth v. United States* (1957), 354 U.S. 476, 1 L. Ed. 2d 1498, 77 S. Ct. 1304.) On review, this court is required to make an independent judgment of whether this material is constitutionally protected. (*People v. Ridens* (1974), 59 Ill. 2d 362, 321 N.E.2d 264, *cert. denied* (1975), 421 U.S. 993, 44 L. Ed. 2d 483, 95 S. Ct. 2000; *City of Chicago v. Geraci* (1970), 46 Ill. 2d 576, 264 N.E.2d 153.) Our child pornography statute incorporates the three-party obscenity test formulated in *Miller v. California* (1973), 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607. (Ill. Rev. Stat. 1981, ch. 38, pars. 11—20a(a)(1)(B) through (D).) One part of the *Miller* test requires that the material contain depictions or descriptions of sexual conduct which are patently offensive. In an attempt to give substantive content to the phrase "patently offensive," the *Miller* court discussed a "lewd exhibition of the genitals" as an example of patently offensive conduct. Although our statute includes the "exhibition of the genitals or pubic area of any person" as patently offensive conduct (Ill. Rev. Stat. 1981, ch. 38, par. 11—20a(a)(2)(F)), the Supreme Court held that the Illinois legislature intended to adopt the examples noted in *Miller* requiring a "lewd" exhibition of the genitals for a finding of obscenity. (*Ward v. Illinois* (1977), 431 U.S. 767, 52 L. Ed. 2d 738, 97 S. Ct. 2085.) Accordingly, in this inquiry we must view the statute as requiring a lewd exhibition of the genitals in determining whether any of these photographs are patently offensive.

Photographs similar to some of the photographs involved in this case were held obscene in *People v. Gould* (1975), 60 Ill. 2d 159, 324 N.E.2d 412. Several magazines examined in *Gould* contained photographs of nude or nearly nude females dressed only in long stockings and garter belts. In all of these photographs, the pubic area was fully

exposed and was the focus of the photographs. Each of these photographs revealed as much as possible of the models' genitals by posing the models in contrived and gymnastic positions and by having their legs spread far apart. The court held these magazines obscene because the photographs depicted offensive sexual conduct in the form of lewd exhibitions of the genitals. 60 Ill. 2d 159, 165, 324 N.E.2d 412.

■ The poses described in *Gould* are similar to photographs Nos. 14 through 19 of the Lerch child alone and photographs No. 11 showing the wife and child together. In these photographs, the child is posed in such a way that the genitals are the focal point of the photographs. As she poses in what we would also describe as contrived or gymnastic-type positions, the genitals are fully exposed to the camera. In some of the photographs she is gazing intently at her genitals. We find that each of these photographs depicts a lewd exhibition of the child's genitals which is patently offensive.

■ We next consider the photographs of the wife and child together. In *People v. Ridens* (1972), 51 Ill. 2d 410, 282 N.E.2d 691, *vacated* (1973), 413 U.S. 912, 37 L. Ed. 2d 1030, 93 S. Ct. 3046, *aff'd on remand* (1974), 59 Ill. 2d 362, 321 N.E.2d 264, *cert. denied* (1975), 421 U.S. 993, 44 L. Ed. 2d 483, 95 S. Ct. 2000, magazine photographs were examined to determine whether they were obscene. In these photographs, the models' hands or mouths were close to other models' genitals. The court held the magazines obscene, stating that it was clear that sexual activity was suggested and imminent. Photographs Nos. 6 and 7 in this case, of the wife and child together, do not show the same closeness of the hands or mouths to the genitals as in *Ridens*. However, in photographs such as those examined in *Ridens*, it is easier to determine whether sexual conduct is suggested and imminent. This is so because the adult models in these photographs understand the intent of the photographs and can be specifically directed to assume certain positions and expressions designed to convey a sexually suggestive message. It is more difficult to discern the intent behind photographs featuring young children. Children may be too young to understand the purpose of the poses they are asked to assume or the sexual conduct they are requested to engage in. Because they may not understand, their facial and body expressions may not be as clearly suggestive as those of adults. For example, a child may be smiling innocently rather than wearing a seductive expression even though the message the photographer intends to convey is a sexual one. Because this statute is designed to protect children from being exploited (*People v. Spargo* (1982), 103 Ill. App. 3d 280, 285, 431

N.E.2d 27; see also *New York v. Ferber* (1982), 458 U.S. 747, 73 L. Ed. 2d 1113, 102 S. Ct. 3348 (discussing the rationale behind child pornography legislation and the harmful effects of child pornography on children)), we think that the sexual conduct depicted need not be as suggestive or as imminent as that between adults. For these reasons, we find that photographs Nos. 6 and 7 showing the wife lying in a prone position on top of the child with her head either buried in the child's breast or raised up from the child's breast are patently offensive. We do not find the remainder of the photographs patently offensive.

Defendant cites several cases in support of his argument that the photographs are not obscene. The first case defendant relies on, *United States v. Various Articles of Obscene Merchandise* (S.D. N.Y. 1978), 460 F. Supp. 826, is inapplicable. In that case, although certain photographs showed children in varying stages of nudity, the court found that the photographs were not patently offensive because none of the children were involved in sexual activity or lewd display of the genitals. Because the court gave no description of the photographs, we are unable to make any comparison with the photographs in issue here. As stated previously, in our judgment some of the photographs involved here depict either a lewd exhibition of the child's genitals or are suggestive of sexual activity.

The other cases defendant cites are *City of Chicago v. Geraci* (1970), 46 Ill. 2d 576, 264 N.E.2d 153, and *People v. Biocic* (1967), 80 Ill. App. 2d 65, 224 N.E.2d 572. In these cases, magazines of a nudist nature were held not to be obscene. These magazines contained photographs of nude men, women and children engaged in activities of a nonsexual nature. Although some photographs showed the genitals completely exposed, the models were posed as a fully clothed person would pose for an ordinary photograph. Textual materials extolling the virtues of nudism accompanied the photographs. The pictures were found not to be suggestive or seductive. Unlike *Geraci* and *Biocic*, the Lerch child is shown in various contrived poses with her legs spread apart and her genitals made the focal point of the photographs. In some photographs, the child is looking directly at her pubic area. Photographs of the wife and child are suggestive of imminent sexual conduct. Neither do the photographs here depict individuals posed as they might if they were fully clothed.

Defendant's contention that no specific finding was made that the photographs are patently offensive is without merit. Where the evidence presented sustains the finding of the trial court, the failure to make specific findings of law and fact does not constitute revers-

ible error. (*People v. Outlaw* (1979), 75 Ill. App. 3d 626, 643, 394 N.E.2d 541.) The fact that the court did not mention this factor does not support a conclusion that the evidence was insufficient on this point.

■■ Defendant next argues that taken as a whole, the average person applying contemporary standards of this State would not find that the dominant theme of photographs is an appeal to prurient interests. He maintains that no evidence was offered to show these photographs were intended for a special audience, such as pedophiles and, therefore, we must consider what their appeal would be to ordinary adults. We disagree.

The Supreme Court dealt with this issue in *Mishkin v. New York* (1966), 383 U.S. 502, 16 L. Ed. 2d 56, 86 S. Ct. 958. The *Mishkin* defendant argued that the materials in issue, which depicted deviate sexual practices, did not satisfy the prurient interest requirement because they did not appeal to the prurient interest in sex of the average person. The court rejected this argument and stated that:

> "Where the material is designed for and primarily disseminated to a clearly defined deviant sexual group, rather than the public at large, the prurient-appeal requirement of the *Roth* test is satisfied if the dominant theme of the material taken as a whole appeals to the prurient interest in sex of the members of that group. *** We adjust the prurient-appeal requirement to social realities by permitting the appeal of this type of material to be assessed in terms of the sexual interests of its intended and probable recipient group; ***." (383 U.S. 502, 508-09, 16 L. Ed. 2d 56, 62, 86 S. Ct. 958, 963-64.)

The *Mishkin* court held that the materials were obscene and that they had a prurient appeal to sexually deviant groups. 383 U.S. 502, 509, 16 L. Ed. 2d 56, 62, 86 S. Ct. 958, 963-64.

Section 11—20a provides that, in interpreting evidence in a case such as this, "[c]hild pornography shall be judged with reference to ordinary adults, except that it shall be judged with reference to children or other specially susceptible audiences if it appears from the character of the material or the circumstances of its dissemination to be specially designed for or directed to such an audience." (Ill. Rev. Stat. 1981, ch. 38, par. 11—20a(c).) Relying on *Mishkin*, in *People v. Spargo* (1982), 103 Ill. App. 3d 280, 431 N.E.2d 27, the court held that the inclusion of the "specially susceptible audiences" language in section 11—20a(c) signifies the legislature's intent to respond to the *Mishkin* holding. The statute, therefore, is to be read as requiring the trier of fact to consider the prurient appeal of alleged obscene mate-

rial to the specially susceptible audience to which the material appears directed. 103 Ill. App. 3d 280, 288-89, 431 N.E.2d 27.

Because it appears from the character of these photographs that they are designed to appeal to the specially susceptible audience of pedophiles, we must consider their prurient appeal to this group. We note that no claim is made that the photographs are devoid of prurient appeal to pedophiles. Photographs Nos. 6 and 7 depict the mother lying on top of her child. In one photograph, she has her head buried in the child's breast. We find that each of these photographs taken as a whole appeals to the prurient interests of pedophiles. Each of the series of photographs that depict the child in contrived positions, Nos. 11 and 14 through 19, which specifically focus on the genitals have as their dominant theme a prurient appeal for this special audience. Each of the remaining photographs taken as a whole do not appeal to the prurient interest of this group.

■ Defendant contends that the third requirement, that the photographs taken as a whole lack serious literary, artistic, educational, political or scientific purpose or value, is not met. The photographs, defendant maintains, have artistic merit as part of a collection of family pictures. Further, he argues that the pictures are intended to capture a moment of uninhibited spontaneity of a six-year-old child for her parents. Defendant also asserts that the trial court failed to make a finding that the pictures lack artistic merit.

He cites *United States v. Various Articles of Obscene Merchandise* (S.D. N.Y. 1978), 460 F. Supp. 826, to support his contention that the photographs have artistic value. There the publications in issue consisted of photographs of a young girl taken by her mother. In some photographs the girl was nude except for props and jewelry. In others she was partially or fully clothed. The court assessed the artistic value of the photographs stating, "[i]n these images, the photography, lighting, costuming, set design, theatrical posing, gestures of dance and composition are not without interest, taste and quality. I would be reluctant to impose the judgment that this publication 'taken as a whole, lacks serious *** artistic *** value.' " (460 F. Supp. 826, 830.) Here there is no such artistic presentation. There is no use of special set designs, costumes or lighting. We find *Various Articles* unsupportive of defendant's contention. We disagree with defendant's contention that the photographs capture a moment of uninhibited spontaneity. In our view, the majority of the pictures appear deliberately posed. Accordingly, we find no merit in this last contention.

As mentioned previously, the trial court's failure to specifically find that the photographs lack artistic merit is not reversible error.

*People v. Outlaw* (1979), 75 Ill. App. 3d 626, 643, 394 N.E.2d 541.

■■■ The second issue defendant raises is whether the trial court rendered inconsistent verdicts. Defendant argues that his conviction on the charge of creating child pornography is inconsistent with his and his wife's acquittal on the charge of knowingly permitting a child under 16 to appear in child pornography. Because defendant and his wife stipulated to knowingly permitting their child to appear in the photographs, defendant contends that an acquittal on that charge necessarily required a determination by the trial court that the photographs were not obscene. Because the trial court found them obscene for purposes of convicting the defendant of creating child pornography, defendant maintains that the verdicts are inconsistent. The State contends that the offense of creating child pornography, of which the defendant was convicted, consists of different elements than the offense of permitting a child to appear in child pornography, of which both defendant and his wife were acquitted. Further, the evidence offered at trial to prove defendant's participation differed from that offered to prove his wife's participation.

There is no inconsistency in verdicts of acquittal and conviction on charges of crimes composed of different elements but arising out of the same state of facts. (*People v. Hairston* (1970), 46 Ill. 2d 348, 362, 263 N.E.2d 850, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed 2d 136, 91 S. Ct. 1658.) The discharge of a codefendant does not itself raise a reasonable doubt as to the guilt of another defendant unless the evidence is identical in all respects. (*People v. Bradshaw* (1978), 65 Ill. App. 3d 76, 79, 382 N.E.2d 432.) The verdicts in the instant case are not inconsistent because the elements of the two offenses are different; one involves creating child pornography and the other involves permitting a child to appear in child pornography. Different evidence was presented as to defendant and as to his wife. Because the defendant stipulated that he took the photographs, the trial court could properly have concluded that the defendant rather than his wife took the pictures of the child alone. The absence of the defendant from any of the photographs lends further support to the conclusion that the defendant took the pictures. The trial court's verdicts, therefore, are not inconsistent.

■■■ The third issue is whether section 11—20a is overbroad in violation of the first and fourteenth amendments to the United States Constitution. Defendant contends that section 11—20a lacks the requisite precision and sweeps within the crime of child pornography a substantial amount of constitutionally protected expression such as the photographs in issue here. Specifically, defendant alleges that the lan-

guage of section 11—20a(2)(F) defining sexual conduct as "exhibition of the genitals or pubic area of any person," without the qualifier that the exhibition be "lewd," impermissibly expands the definition of sexual conduct to include nudity *per se*. Defendant also contends that section 11—20a is overbroad as applied to parents' constitutional rights. He maintains that the State may not intrude into home and family life by forbidding photographs of nude family members in the home. The decision of defendant and his wife to permit their child o play unclothed in the privacy of her home should not be subject to State review, much less criminal punishment.

The State argues that the defendant waived this issue due to his failure to raise it during trial. If the issue is not waived, the State argues that section 11—20a has withstood constitutional attack on grounds of overbreadth in *Ward v. Illinois* (1977), 431 U.S. 767, 52 L. Ed. 2d 738, 97 S. Ct. 2085. The State relies on *New York v. Ferber* (1982), 458 U.S. 747, 73 L. Ed. 2d 1113, 102 S. Ct. 3348 and asserts that the State's interest in protecting the children of this State from sexual exploitation is of paramount importance and overrides parents' rights.

It is well settled that a constitutional question not properly presented at trial will not normally be considered on appeal. (*People v. Goree* (1983), 115 Ill. App. 3d 157, 160, 450 N.E.2d 342.) Our review of the record reveals that this argument was not made at trial. Nonetheless, even upon consideration of the defendant's claim, we find it to be meritless.

In *Ward*, the court held that the Illinois obscenity statute was not overbroad for its failure to state specifically the types of sexual conduct the statute intended to proscribe. The court held that the statute specifically incorporated part (b) of the *Miller* guidelines requiring an inquiry into whether the work depicts sexual conduct in a patently offensive manner. Illinois courts, therefore, plainly intended to adopt the *Miller* examples of what constitutes patently offensive conduct, one of which is the "lewd exhibition of the genitals." According to *Ward*, the legislature intended to adopt lewd exhibition of the genitals into the child pornography statute.

Although *Miller* refers to certain examples of what is obscene, in that case the court stated that the list was not intended to be exhaustive nor did the decision mandate the use of these specific words in the statutes. The *Miller* court stressed that the important factor was how the statutes were construed by the courts under proper community standards. (*Miller v. California* (1973), 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607; see also *People v. O'Neil* (1974), 25 Ill. App. 3d

227, 323 N.E.2d 7 (obscenity statute constitutional even though the term "patently offensive" was not in the statute's definition of obscenity).) In light of these principles, section 11—20a cannot be considered unconstitutionally overbroad for the absence of the word "lewd" from the phrase "exhibition of the genitals or pubic area of any person."

The proposition that the State is entitled to greater leeway in the regulation of pornographic depictions of children is strongly supported in *Ferber*. Further, in *FCC v. Pacifica Foundation* (1978), 438 U.S. 726, 57 L. Ed. 2d 1073, 98 S. Ct. 3026, the Supreme Court allowed the FCC to regulate indecent but nonobscene speech aired on the radio during a time period when the audience would likely include children, in order to protect children from what was otherwise protected expression. Similarly, in *Ginsberg v. New York* (1968), 390 U.S. 629, 20 L. Ed. 2d 195, 88 S. Ct. 1274, the power of the State to control the conduct of children was recognized. In that case, the court affirmed the defendant's conviction for selling sexually oriented but nonobscene material to minors. The State's interest in this area is a compelling one taking precedence over parents' rights in this instance.

■■■ Defendant's last contention is that he was denied effective representation. Defendant alleges several errors on the part of his counsel, among them failing to move to suppress use of the photographs, entering into a stipulation and failing to object to the introduction of the photographs. Mistakes in strategy will not in themselves render a defendant's representation incompetent absent substantial prejudice. (*People v. Griffin* (1984), 124 Ill. App. 3d 119, 128,463 N.E.2d 1055.) A defendant is entitled to competent, not perfect or successful representation. (*People v. Martin* (1983), 112 Ill. App. 3d 486, 445 N.E.2d 795.) We have reviewed the alleged errors and conclude they were matters of strategy and did not deny defendant effective representation.

Because none of defendant's allegations of error have proven meritorious, we find that defendant was not denied the effective assistance of counsel due to his counsel's failure to file a motion for a new trial.

For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.

LORENZ and PINCHAM, JJ., concur.